UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLIFTON J. TERRELL, JR.,

        Plaintiff,

v.

C.E. DUCART,

        Defendant.

No. C 15-1879 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, an inmate at Pelican Bay State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983.[1] He has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the complaint is DISMISSED with leave to amend.

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary;

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 5.)

the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal quotation marks omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that he was transferred to Pelican Bay State Prison from California State Prison - Solano.  His personal property was also sent to Pelican Bay State Prison.  On August 23, 2014, Plaintiff received his personal property and was told that he could not have his hot pot, hair and beard trimmers, or digital antenna.  Plaintiff was given a choice to either send those items home or donate them.  Plaintiff has named Warden C.E. Ducat as the Defendant because the Warden denied Plaintiff's appeal.

There are several deficiencies in Plaintiff's complaint that require dismissal of the complaint with leave to amend.

Prisons often ban or limit inmates' possession of certain types of personal property while incarcerated.  The Constitution itself does not confer specific property interests such that no limitation at all may be imposed on inmates' possession of property. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972).  A property interest that has been initially recognized and protected by state law may be protected under the Due

Process Clause of the Fourteenth Amendment, however.  *See Paul v. Davis*, 424 U.S. 693, 710 (1976); *Roth*, 408 U.S. at 577 (protected property interests "stem from an independent source, such as state law – rules or understandings that secure certain benefits and support claims of entitlement to those benefits.").  Moreover, California Code of Regulations, title 15, § 3192, generally provides that "[a]n inmate's right to inherit, own, sell or convey real or personal property does not include the right to possess such property within the institutions of the department."  Therefore, it is doubtful that an inmate will have a legitimate claim of entitlement to possess personal property in prison unless explicitly authorized by other state laws or prison regulations.  In *Sandin v. Conner*, 515 U.S. 472, 477-84 (1995),[2] the Supreme Court held that a prisoner is entitled to procedural due process only if the deprivation of which he complains imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Id.* at 484.

Plaintiff is advised that inmates who have been afforded the opportunity to possess personal property in prison may claim that prison officials have confiscated or destroyed their property without due process.  If the deprivation is not random and unauthorized, but the result of "established state procedure," the availability of a post-termination tort action does not necessarily provide due process.  *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982) (failure on part of state commission to hold hearing within statutory time limits not permitted to terminate timely filed claim).  The Fourteenth Amendment requires "an opportunity . . . granted at a meaningful time and in a meaningful manner,. . . for a hearing appropriate to the nature of the case." *Logan*, 455 U.S. at 437.  Due process is

---

[2] Courts are split on whether the rationale of *Sandin* should be extended to property interest claims arising from prison conditions. *Compare Cosco v. Uphoff*, 195 F.3d 1221, 1224 (10th Cir. 1999) (extending *Sandin*'s atypical-and-significant-deprivation methodology to property claims by prisoners) and *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996) (suggesting that *Sandin* applies to property interest claims brought by prisoners) *with Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 50 (5th Cir. 1995) (declining to extend *Sandin*'s methodology to property interest claims by prisoners).  The Ninth Circuit has not yet determined whether *Sandin* applies to a prisoner's property claim.

violated where a deprivation is predictable and pre-deprivation process possible, but state officials, acting under apparent authority of state procedures, provide no pre-deprivation procedure and are specifically charged with the authority to effect the deprivation complained of.  *See Zimmerman v. City of Oakland*, 255 F.3d 734, 739 (9th Cir. 2001).

Here, Plaintiff has not provided enough information to determine whether he has a constitutionally protected property interest.  Further, the court cannot determine whether plaintiff indeed sent his personal property items home, or whether the prison donated the items.  Plaintiff will be given leave to amend to provide more information.

Finally, Plaintiff has not linked Defendant to an action or inaction that actually and proximately caused the deprivation of a federally protected right.  Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013).  Plaintiff must link Defendant's actions or inactions with Plaintiff's claim.  He must "set forth specific facts as to each individual defendant's" actions which violated his or her rights.  *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  To the extent Plaintiff is attempting to impose supervisory liability on the Warden, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).  Plaintiff should keep in mind that where there is no evidence that the supervisor was personally involved or connected to the alleged violation, the supervisor may not be liable.  *See Edgerly v. City and County of San Francisco*, 599 F. 3d 946, 961-62 (9th Cir. 2010).

For the above reasons, Plaintiff's complaint will be dismissed with leave to amend to provide the information as specified above.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in

4

the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original and supplemental complaints, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to file an amended complaint within the designated time and in compliance with this order will result in the dismissal of this action.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 3, 2015.

ELIZABETH D. LAPORTE
United States Magistrate Judge

P:\PRO-SE\EDL\CR.15\Terrell879dwla.wpd